**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WILLIAM COLEMAN, : | Civil Action No. 10-2613 (MLC) |
| Plaintiff, : | **O P I N I O N** |
| v. : |  |
| LONG BRANCH POLICE DEPT., et al., : |  |
| Defendants. : |  |

**APPEARANCES:**

WILLIAM COLEMAN, Plaintiff pro se
Monmouth County Correctional Institution
1 Waterworks Road, Freehold, New Jersey  07728

**COOPER, District Judge**

Plaintiff, William Coleman, an inmate at Monmouth County Correctional Institution, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915.  The Court will grant the application to proceed in forma pauperis and, for the reasons expressed below, dismiss the federal claims and decline to exercise supplemental jurisdiction over claims arising under state law.

I.   BACKGROUND

Plaintiff asserts violations of his constitutional rights by the Long Branch Police Department and 100 John and Jane Does. Plaintiff asserts the following facts:

> On December 7, 2009 at or about 11:50 pm the Long Branch Police Departments (Street Crimes Unit) approached me on 2nd Avenue near 468 at the Matilda Terrace Apartments. As I approached the apartments I was swapped [sic] by over 15 police officers.  Before I knew what was going on I was put onto the ground and punched several times

>    upon my face and head.  At this point I believed I was
>    being robbed and truly became fearful of my life.  At
>    this point I was trying to get away from these assumed
>    robbers.  At no time did these officers announce who
>    they were.  And because they were not in uniform or had
>    their shields in view I continued to try and defend
>    myself.  I was no match for these police officers
>    therefore they brutally beat me.  I was beaten with all
>    kinds of weapons from stick to batons to gun handles.
>    In the course of this beating I had several of my teeth
>    knocked out, a suffered a black and swollen eye, the
>    bruises on my body were bleeding and still these
>    officers continued to beat me.  At some point I blacked
>    out and lost consciousness. When I woke up I was in the
>    Monmouth County Medical Center.  While at the hospital I
>    was informed by the nurse that I was out for 6 hours and
>    that it was reported to them that I was a victim of an
>    assault but the police did not tell them they were the
>    abusers.
>
>    I now suffer extreme depression, I have nightmares
>    about this beat[ing], and I still suffer extreme pain
>    in my mouth as well as terrible migraine headaches.

(Docket Entry #1, pp. 7-8.)

For relief, Plaintiff seeks compensatory and punitive damages.  (Docket Entry #1, p. 8.)

## II.   STANDARD FOR DISMISSAL

The Court, before docketing or as soon as practicable after docketing, must review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The Court must sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.  A claim is frivolous if it "lacks even an arguable basis in

law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).

The pleading standard under Rule 8 was refined in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). The United States Supreme Court has stated:

> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 129 S.Ct. at 1949-50 (citations omitted).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible

on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). To determine the sufficiency of a complaint under the pleading regime established by Iqbal and Twombly,

> a court must take three steps: First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Iqbal, 129 S. Ct. at 1947. Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id.

Santiago v. Warminster Twp., 629 F. 3d 121, 130 (3d Cir. 2010); see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (stating complaint "must do more than allege the plaintiff's entitlement to relief", and must "'show' such an entitlement with its facts"). But the sufficiency of this pro se pleading must still be construed liberally in the plaintiff's favor, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007).

### III.  DISCUSSION

**A.  Federal Claims**

To recover under 42 U.S.C. § 1983, a plaintiff must show that: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See

4

West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

The Court reads the Complaint as attempting to assert an excessive force claim under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.  A claim of excessive force by law enforcement officials in the course of an arrest, investigatory stop, or other seizure is analyzed under the Fourth Amendment's reasonableness standard.  See Graham v. Connor, 490 U.S. 386, 395 (1989); Nelson v. Jashurek, 109 F.3d 142 (3d Cir. 1997); United States v. Johnstone, 107 F.3d 200, 204 (3d Cir. 1997).  "To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable."  Abraham v. Raso, 183 F.3d 279, 288 (3d Cir. 1999).  Proper application of the reasonableness standard "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."  Id. at 289 (quoting Graham, 490 U.S. at 396); accord Baker v. Monroe Tp., 50 F.3d 1186, 1193-93 (3d Cir. 1995).

Aside from 100 John and Jane Does, the only named defendant in this Complaint is the Long Branch Police Department.  However,

5

a police department is not a "person" that may be found liable under § 1983 pursuant to Monell v. Dep't of Social Services of City of New York, 436 U.S. 658, 688-90 (1978). See Petaway v. City of New Haven Police Dep't, 541 F.Supp.2d 504, 510 (D. Conn. 2008); PBA Local No. 38 v. Woodbridge Police Dep't, 832 F.Supp. 808, 825-26 (D.N.J. 1993).

Construing the defendant to be the municipal entity of Long Branch, this Court nevertheless must find that the Complaint fails to state a claim against the entity. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or act may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell, 436 U.S. at 694 (1978). A policy is made when a decisionmaker possessing final authority to establish policy as to the conduct issues a policy or edict. See Natale v. Camden Cnty. Corr. Fac., 318 F.3d 575, 584 (3d Cir. 2003). A custom is an act that has not been formally approved by the policymaker but that is so widespread to have the force of a rule or policy. Id.

Plaintiff here does not assert facts showing that the alleged use of excessive force during his arrest resulted from the execution of a custom or policy of Long Branch. This Court

will accordingly dismiss the claims against Long Branch for failure to state a claim upon which relief may be granted.

The Plaintiff names 100 John and Jane Does, but fails to even explain why 100 persons are being sued when only 15 police officers were allegedly involved in the assault.  Furthermore, the Complaint fails to plead enough factual matter to state a claim as to even one specific Doe defendant.  For example, Plaintiff indicates that he resisted arrest because the officers did not identify themselves, but he does not say what he did to defend himself.  Moreover, he does not specify what crime he was arrested for.  As previously explained, application of the Fourth Amendment reasonableness standard "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."  Graham, 490 U.S. at 396.  This Court does not expect Plaintiff to know the names of all of his alleged assailants, or to specify in detail, for instance, that John Doe #1 did this and John Doe #2 did that.  However, "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  Iqbal, 129 S.Ct. at 1950.  Because "each Government official . . . is only liable for his or her own misconduct," id. at 1949, "a plaintiff must plead that

7

each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. at 1948.

Because the Complaint does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" against the 100 John and Jane Does, id. at 1949, the Court is constrained to dismiss the claims against the 100 John and Jane Does for failure to state a claim upon which relief may be granted.

**B.   Claims Arising Under New Jersey Law**

To the extent that Plaintiff seeks to assert claims arising under state law, the Court declines to exercise supplemental jurisdiction over these claims because all federal claims over which the Court has original jurisdiction are being dismissed. 28 U.S.C. § 1367(c)(3).

## IV.   CONCLUSION

The Court grants Plaintiff's application to proceed in forma pauperis, dismisses the federal claims asserted in the Complaint, and declines to exercise supplemental jurisdiction over the state law claims.  The Court will issue an appropriate order and judgment.

          s/ Mary L. Cooper          
**MARY L. COOPER**
United States District Judge

Dated:  April 11, 2011