**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM COLEMAN, | CIVIL ACTION NO. 10-2613 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| RAMON CAMACHO, et al., | |
| Defendants. | |

**COOPER, District Judge**

The plaintiff, <u>pro se</u> prisoner William Coleman, brings the action against the defendants, Jason Roebuck, Ramon Camacho, Tracy Polk, Todd Coleman, Stanley Baumer, Ramon Chappard, Jeffrey Grippaldi, Robert Shamrock, and Jeffrey Pilone. (<u>See generally</u> dkt. entry no. 21, Am. Compl.) Coleman alleges that the defendants, while acting as employees of the Long Branch Police Department, detained and assaulted him. (<u>See id.</u> at 1-2.) It appears that Coleman asserts an excessive force claim under the Fourth and Fourteenth Amendments of the United States Constitution, pursuant to 42 U.S.C. § 1983. (<u>See id.</u>)

Roebuck has generally denied the allegations of the Amended Complaint. (<u>See</u> dkt. entry no. 29, Roebuck Answer ("Answer") at 1.) But he now moves to dismiss the Amended Complaint, insofar as it is asserted against him, under two theories. (<u>See</u> dkt. entry

no. 43, Mot.; dkt. entry no. 43-2, Br. in Supp.)  First, Roebuck argues that the Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure ("Rule") 8(a)(1) because it does not provide a statement of the grounds for the Court's jurisdiction.  (See Br. in Supp. at 3.)  Second, he argues that the Amended Complaint should be dismissed pursuant to Rule 8(d)(1) and Rule 10(b) because it does not provide "simpl[e] statement[s]" in numbered paragraphs.  (See id. at 3-4.)

The Court now resolves the Motion without oral argument.  See L.Civ.R. 78.1(b).[1]  For the reasons that follow, the Court finds that: (1) no statement of jurisdiction is necessary; and (2) the Amended Complaint, insofar as it is asserted against Roebuck, is clear and contains enough information to permit response.  The Court will therefore deny the Motion.

## BACKGROUND

The Amended Complaint was filed on November 28, 2011.  In it, Coleman states:

> On December 7, 2011, at approximately 11:50 p.m., I was approached and surrounded by nine unidentified individuals, now known to be members of the Long Branch Police Department STREET CRIME UNIT, as I entered the

---

[1] Coleman has not filed opposition to the Motion.  The Court nevertheless has an obligation to resolve the Motion on its merits.  Cf. Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991); Anchorage Assocs. v. V.I. Bd. of Tax Rev., 922 F.2d 168, 176 (3d Cir. 1990).

property belonging to MATILDA TERRACE APARTMENTS - I was
on 2nd AVENUE near Apartment # 468.  I didn't know who
these individuals were, and none of them identified
theirselves [sic] as police officers or produced a badge
of any sort - before I knew it, I was thrown to the
ground and viciously assaulted, punched and kicked in my
face and head.  Not once was I informed that I was under
arrest, and I had no clue who these people assaulting me
were - the assault continued, and, as I began to try to
cover up from the kicking by using my arms as a shield,
other "weapons" were used such as gun handles and
sticks.  I began to become extremely fearful for my
life, but, seeing that I was completely outnumbered,
continued to try and deflect the kicks and punches by
using my arms to cover my head and face - yet, there
wasn't an announcement of me being under arrest or of
these people being police officers once during this
assault, not once . . . .

(Am. Compl. at 1 (errors in original).)  Coleman also describes the

extent of his injuries and states that he seeks, inter alia,

$1,000,000 "for pain + suffering, stress + duress, and other

traumas", $350,000 in compensatory damages, and $3,000,000 in

punitive damages.  (Id. at 2.)

Roebuck filed the Answer on June 7, 2012.  (See generally

Answer.)  He there states that "[t]he allegations of the

plaintiff's amended complaint are denied."  (Id. at 1.)  He also

sets forth fifteen affirmative defenses, none of which implicate

Rule 8(a)(1), Rule 8(d)(1), or Rule 10(b).

3

**DISCUSSION**

**I.    RULE 8(a)**

Rule 8(a) requires that all pleadings stating a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction". Fed.R.Civ.P. 8(a). The Court may dismiss a complaint that lacks such a statement. See, e.g., Jackson v. Sec'y Pa. Dep't of Corr., 438 Fed.Appx. 74, 75 (3d Cir. 2011); Benevuto v. Conn. Gen. Life Ins. Co., 678 F.Supp. 469, 471 (D.N.J. 1988). But the Court holds pro se pleadings to less stringent standards than pleadings drafted by lawyers, and will show pro se litigants a greater degree of leniency. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Davenport v. Ricci, No. 09-4997, 2012 WL 2863662, at *6 (D.N.J. July 11, 2012). Accordingly, "where a plaintiff in his complaint has pleaded sufficient operative facts vesting or establishing jurisdiction in the Court even absent the recitation of the correct jurisdictional provision, the Court still may retain jurisdiction over the cause of action." Fields v. Romano, 370 F.Supp. 1053, 1055 (E.D. Pa. 1974); see also Beeler v. United States, 338 F.2d 687, 689 (3d Cir. 1964); Uhler v. Commw. of Pa., 321 F.Supp. 490, 491 (E.D. Pa. 1970).

Roebuck argues that the Court should dismiss the Amended Complaint because the Amended Complaint does not contain a short and plain statement of the grounds for the Court's jurisdiction

4

over the action.  (See Br. in Supp. at 3.)  The Court is troubled by Roebuck's argument.  Roebuck appears to ignore Coleman's status as a pro se litigant, and presents his argument without citation to case law from the United States Court of Appeals for the Third Circuit, the United States District Court for the District of New Jersey, or other district courts within this circuit.

The Court has carefully reviewed the Amended Complaint. Coleman asserts that several Long Branch police officers, including Roebuck, detained and assaulted him.  (See Am. Compl. at 1-2.)  It thus appears, as noted above, that Coleman asserts an excessive force claim against the defendants under the Fourth and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1983.  (See id.; see also dkt. entry no. 13, 4-11-11 Op. (finding that the Complaint, which asserted substantially identical factual allegations, asserted an excessive force claim under the Fourth and Fourteenth Amendments to the United States Constitution).)

Because Coleman has pleaded sufficient operative facts to demonstrate that his claim arises under federal law, he has pleaded sufficient operative facts to establish the grounds of the Court's jurisdiction over the action.  See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all actions arising under the Constitution, laws, or treaties of the United Sates."); Uhler, 321 F.Supp. at 491.

## II.  RULE 8(d)(1) and RULE 10(b)

Rule 8(d)(1) requires plaintiffs to state each allegation in a complaint in a simple, concise, and direct form.  See Fed.R.Civ.P. 8(d)(1).  Rule 10(b) requires plaintiffs to state claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed.R.Civ.P. 10(b).

When a plaintiff's complaint does not comply with Rule 8(d)(1) or Rule 10(b), the Court has discretion to dismiss the complaint. See, e.g., Binsack v. Lackawanna Cnty. Prison, 438 Fed.Appx. 158, 160 (3d Cir. 2011) (affirming district court dismissal of complaint for failure to comply with, inter alia, Rule 8(d)(1)); Borrell v. Weinstein Supply Corp., No. 94-2857, 1994 WL 530102, at *2 (E.D. Pa. Sept. 27, 1994) ("Where a complaint fails to comply with Rule 10(b), dismissal of the complaint is within the court's discretion.").  But the Court must construe all pleadings "to do substantial justice".  Fed.R.Civ.P. 8(e).  Thus, the Court will not dismiss a complaint for mere failure to comply with Rule 8(d)(1) or Rule 10(b) where such failure does not prevent defendants from filing responsive pleadings.  See Buzzerd v. E. Pikeland Twp., No. 90-1675, 1990 WL 90109, at *3 (E.D. Pa. June 26, 1990) ("Failure to number the paragraph[s] . . . may be inartful pleading, but the complaint clearly discloses the nature of the plaintiffs' grievances and the theory of the complaint."); Shaw v. Russell

<u>Trucking Line, Inc.</u>, 542 F.Supp. 776, 781 (W.D. Pa. 1982) (denying motion to dismiss complaint for violations of Rule 10(b) because complaint "was sufficiently clear so as to enable each Defendant to effectively formulate a response").

Roebuck argues that the Court should dismiss the Amended Complaint because Coleman failed to comply with Rule 8(d)(1) and Rule 10(b).  He states:

> Plaintiff's complaint <u>sets forth the factual basis for his causes of action</u> in one paragraph that has not been numbered.  The paragraph is not simply statement [sic], but rather long statements [sic], which make it near [sic] impossible for the Defendants [sic] to respond.

(Br. in Supp. at 4 (emphasis added).)  Here, as above, Roebuck fails to cite relevant case law.

The Court concludes that Roebuck's argument lacks merit. Roebuck is correct insofar as he asserts that the Amended Complaint technically violates Rule 10(b); the Amended Complaint appears as one paragraph that spans approximately one and a half pages.  (<u>See</u> Am. Compl. at 1-2.)  But it appears that the Amended Complaint contains enough information and is sufficiently clear enough to permit response, as Roebuck: (1) acknowledges that the Amended Complaint sets forth the factual basis for Coleman's claims; and (2) earlier filed a responsive pleading, denying all of the factual allegations contained in the Amended Complaint.  (<u>See</u> Br. in Supp. at 4; Answer at 1.)

**CONCLUSION**

The Court, for the reasons set forth above, will deny the Motion.  The Court will issue a separate Order.


_____ s/ Mary L. Cooper _____
**MARY L. COOPER**
United States District Judge


Date:    November 27, 2012

8