NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| WILLIAM COLEMAN, | : | CIVIL ACTION NO. 10-2613 (MLC) |
| | : | |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| | : | |
| v. | : | |
| | : | |
| LONG BRANCH POLICE DEPARTMENT, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**THIS IS A PRO SE ACTION** ("Federal Action") to recover damages for alleged constitutional violations related to the plaintiff's arrest ("Arrest") by the police-officer defendants. The Clerk of the Court entered defaults against the defendants Todd Coleman, Ramon Chappard, Jeffrey Grippaldi, Robert Shamrock, and Jeffrey Pilone ("Defaulting Defendants") pursuant to Federal Rule of Civil Procedure ("Federal Rule") 55(a). (See unnumbered entry after dkt. 90.) On April 30, 2015, the plaintiff filed a motion ("Motion") pursuant to Federal Rule 55(b)(2) for entry of default judgment against the Defaulting Defendants. (See dkt. 91.)

**THE DEFAULTING DEFENDANTS**: (1) opposed the Motion; and (2) filed a cross motion ("Cross Motion") pursuant to Federal Rule 55(c) to set aside the entry of the defaults on May 22, 2015, with a return date of June 15, 2015. (See dkt. 96; dkt. 97; see also unnumbered entry after dkt. 97.) The plaintiff has not responded to the Cross

Motion, even though the time to do so elapsed more than four weeks ago and the return date elapsed more than two weeks ago.[1]  The Court, upon a review of the papers filed here, will: (1) grant the Cross Motion; (2) deny the Motion; (3) set aside the defaults entered against the Defaulting Defendants; and (4) direct the Defaulting Defendants to file either answers or dispositive motions by July 21, 2015.  See L.Civ.R. 78.1(b) (stating district court may determine that motions "will be decided on the papers submitted").[2]

**THE DECISION** whether to set aside an entry of the defaults is within the discretion of the Court.  See Farnese v. Bagnasco, 687 F.2d 761, 763–64 (3d Cir. 1982).  The entry of a default judgment is disfavored.  See id. at 764.  The Court must now address whether: (1) the plaintiff will be prejudiced if the defaults are set aside; (2) the Defaulting Defendants have asserted a complete, litigable, or meritorious defense to the Federal Action; and (3) the defaults were the result of the culpable conduct of the Defaulting Defendants.  See id.

**THE COURT** finds that the plaintiff will not be prejudiced if the defaults are set aside.  The plaintiff has not alleged that his ability to pursue the Federal Action will now be hampered; he did not even respond to the Cross Motion.  Furthermore, a review of the docket reveals that discovery is ongoing and not near completion.

---

[1]  See http://www.njd.uscourts.gov/sites/njd/files/MotionDays2015.pdf (setting forth motion days and deadlines).

[2]  The Court will provide the Defaulting Defendants with 21 days to file either answers or dispositive motions.  See generally Fed.R.Civ.P. 12(a)(1)(A)(i).

**THE COURT** also finds that the Defaulting Defendants have presented a litigable defense in the Federal Action.  The Defaulting Defendants argue that:

(1) the plaintiff had been litigating a separate action concerning the Arrest in state court ("State Court Action") against the defendants named in the Federal Action, including the Defaulting Defendants (see dkt. 96 at 3; dkt. 97 at 1–2);

(2) the state court issued an order dismissing all of the claims in the State Court Action in March 2012 (see dkt. 97-2 at 2–4), which was two months before the Defaulting Defendants were allegedly served in the Federal Action (see dkts. 30, 32–35 (indicating service upon Defaulting Defendants)); and

(3) the claims concerning the Arrest asserted against them in the Federal Action have already been disposed of in the State Court Action, and thus the plaintiff is barred from litigating them in the Federal Action pursuant to various doctrines concerning preclusion and subject-matter jurisdiction (see dkt. 97 at 3–4; dkt. 97-5 at 3–7).[3]

**THE COURT** also finds that the defaults were not caused by any culpable conduct of the Defaulting Defendants or their counsel.  The Defaulting Defendants have demonstrated that they were not informed that process had been served because the

---

[3] The Defaulting Defendants indicate that they intend to file dispositive motions concerning the claims asserted against them, and have included a draft of a memorandum in support of those potential motions.  (See dkt. 97-5 at 5–7.)  The Court advises the Defaulting Defendants that if they indeed file dispositive motions, then they must: (1) do so in accordance with the Federal Rules and the Local Civil Rules; and (2) cite relevant federal case law, in addition to any relevant New Jersey state case law.

nonparty individual "to whom service was allegedly made [in May 2012] . . . has neither a record nor any memory of receiving such documents." (Dkt. 97 at 2; see dkt. 97-3 at 2–3 (affidavit of that nonparty individual stating "it does not appear" that the "policy and procedure for logging and distributing subpoenas" was followed).) In addition, it was reasonable for the Defaulting Defendants to believe that any dispute concerning the Arrest had been resolved in the State Court Action. Furthermore, the Defaulting Defendants acted before the defaults were reduced to a judgment: when they "became aware of the entry of Default and Plaintiff's subsequent Motion for Default Judgment, defense counsel was retained to file an Entry of Appearance and Demanded a Jury Trial." (Dkt. 97 at 2.) Therefore, the Court finds that the failure of the Defaulting Defendants to appear in the Federal Action was neither willful nor in bad faith.

**FOR GOOD CAUSE APPEARING**, the Court will issue an appropriate order: (1) granting the Cross Motion; (2) denying the Motion; (3) setting aside the defaults entered against the Defaulting Defendants; and (4) directing the Defaulting Defendants to file either answers or dispositive motions by July 21, 2015.

   s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

**Dated:**  June 30, 2015