NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM COLEMAN, | CIVIL ACTION NO. 10-2613 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| RAMON CAMACHO, et al., | |
| Defendants. | |

**COOPER, District Judge**

## I.  BACKGROUND

Plaintiff, who is a state prisoner incarcerated at Monmouth County Correctional Institution in Freehold, New Jersey, is proceeding pro se with a complaint filed pursuant to 42 U.S.C. § 1983 ("Section 1983").  Plaintiff makes the following allegations, which the Court construes liberally in Plaintiff's favor here.

On or about December 7, 2009, Plaintiff was "approached and surrounded" by Defendants Camacho, Polk, Coleman, Baumer, Chappard, Grippaldi, Shamrock, Roebuck, and Pilone ("Defendants").  (Dkt. 21 at 1.)  Defendants did not announce that they were police officers or that Plaintiff was under arrest.  (Id.)  Defendants then threw Plaintiff to the ground and "viciously assaulted, punched and kicked" him in his face and head.  (Id.)  Plaintiff lost consciousness and awoke six hours later in the hospital.  (Id.)  Plaintiff suffered shattered teeth, two black eyes, and bruises that were "bleeding

profusely." (Id.)  It was at the hospital where Plaintiff was informed that he was under arrest for obstruction of justice, aggravated and simple assault, and resisting arrest.  (Id.)  Plaintiff still suffers "horrible pain" in his mouth, nightmares, and severe depression as a result of the incident.  (Id.)

The Court construes the Amended Complaint as raising a Fourth Amendment excessive force claim brought pursuant to Section 1983.  Thus, Plaintiff alleges that Defendants used unconstitutionally excessive force in effecting an arrest, thereby violating his rights under the Fourth Amendment to the United States Constitution.  (See dkt. 21 at 1–2.)

## II.  PROCEDURAL HISTORY

In May 2010, Plaintiff filed a Complaint in which he alleged that numerous current or former employees of the Long Branch Police Department violated rights afforded to him by the Fourth Amendment to the Constitution.  (Dkt. 1.)  On or about November 28, 2011, Plaintiff filed an Amended Complaint with the Court.  (Dkt. 21.)

Shortly before filing the Amended Complaint, on or about August 11, 2011, Plaintiff filed a civil complaint ("State Complaint") against all named Defendants in the Superior Court of New Jersey, Monmouth County ("Monmouth Court"), alleging assault and unlawful arrest.  (See dkt. 105-3 at 2.)  Subsequently, on March 12, 2012, Monmouth Court dismissed the State Complaint with prejudice for failure to comply with the notice requirement of the New Jersey Tort Claims Act ("NJTCA"), N.J.S.A. 59:8-8.  (Dkt. 105-4 at 3.)

Defendants now move to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).  (See dkt. 105; dkt. 107.)  For the following reasons, the motion will be denied.

### III.  STANDARD OF REVIEW

**A.     Section 1983**

A plaintiff may have a cause of action under Section 1983 for certain violations of constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured…

See 42 U.S.C. § 1983.

To state a claim for relief under Section 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See Harvey v. Plains Twp. Police Dep't, 635 F.3d 606, 609 (3d Cir. 2011); see also West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Rule 12(b)(6)**

Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim upon which relief can be granted.  In evaluating a motion to dismiss, a court must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the

plaintiff may be entitled to relief.  See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

> In making this determination, a court must take three steps:
>
> First, the court must take note of the elements a plaintiff must plead to state a claim.  Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth.  Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citations and quotation marks omitted).

## IV. DISCUSSION

**A.     Section 1983 claims are not subject to the NJTCA's notice requirement**

Defendants argue that the Amended Complaint must be dismissed with prejudice because Plaintiff "failed to present a Notice of his tort claim to the City of Long Branch within (90) ninety days" of his arrest.  (Dkt. 105 at 3.)  Defendants misconstrue the law on this point.

Defendants correctly point out that Monmouth Court dismissed the State Complaint on the same facts presented here.  (Id.)  Monmouth Court dismissed the State Complaint pursuant to the notice provision of the NJTCA, N.J.S.A. 59:8-8(a). The notice provision makes clear that, in order to recover against public employees in tort, a claimant has ninety days after "accrual of the claim" to notify the public entity at issue.

4

Defendants view the federal Amended Complaint as indistinguishable from the State Complaint, and thus dismissible on the same grounds.

However, the federal Amended Complaint is subject only to the "short and plain statement" requirement of Rule 8(a) and, because Plaintiff is pro se, must be construed liberally. See Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004). While Plaintiff has not explicitly stated under which statute he is bringing his claims, the Court has already decided to treat the Amended Complaint as raising a Fourth Amendment excessive force claim under Section 1983. (See dkt. 13 at 5.)[1] Thus, it must be noted that the notice provision of the NJTCA does not apply to claims brought under Section 1983 in federal court. See Tucker v. Ann Klein Forensic Ctr., 174 Fed.Appx. 695, 698 (3d Cir. 2006); Felder v. Casey, 487 U.S. 131, 138–53 (1988).

Therefore, because the Amended Complaint is brought pursuant to Section 1983, and because the NJTCA's notice provision does not apply to such claims, Defendants' argument that the Amended Complaint must be dismissed for failing to comply with the NJTCA's notice provision fails.

### B. Collateral estoppel is inapplicable to federal claims when a state claim is dismissed on procedural grounds

Defendants also argue that, notwithstanding the notice provision of the NJTCA, the doctrine of collateral estoppel, or issue preclusion, bars Plaintiff's federal claims and thus necessitates dismissal with prejudice. The Court disagrees.

---

[1] A claim of excessive force by law enforcement officials in the course of an arrest, investigatory stop, or other seizure is analyzed under the Fourth Amendment's reasonableness standard. See Graham v. Connor, 490 U.S. 386, 395 (1989).

Collateral estoppel generally precludes a party from re-litigating issues that have already been adjudicated.  See Montana v. United States, 440 U.S. 147, 153 (1979).  The principles of collateral estoppel are, in general, applicable to civil rights actions brought under Section 1983.  See Allen v. McCurry, 449 U.S. 90, 97–98 (1980).  The defendant in a Section 1983 action can raise the issue of collateral estoppel when the plaintiff attempts to re-litigate in federal court issues decided against him in state proceedings.  See Ingram v. Lupas, 353 Fed.Appx. 674, 676 (3d Cir. 2009).  The party asserting collateral estoppel to foreclose the re-litigation of an issue must establish the existence of five conditions:

> (1) the issue to be precluded is **identical to the issue** decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.

Howard v. N.J. Div. of Youth & Family Servs., No. 08-4934, 2015 WL 5089536, at *5 (D.N.J. Aug. 27, 2015) (emphasis added) (citation omitted).

Monmouth Court dismissed the State Complaint for failure to comply with the notice provision of the NJTCA.  (See dkt. 105-4.)  As discussed above, the notice provision of the NJTCA does not apply to complaints brought under Section 1983.  The question before the Court then becomes, in terms of applying collateral estoppel, whether any issue before the Court is identical to the issue adjudicated by Monmouth Court.  To that end, because the NJTCA's notice provision has no effect on complaints brought under Section 1983, the "notice provision cannot bar such a later action under the

principles of collateral estoppel or issue preclusion." Harris v. Latamore, No. 07-5299, 2008 WL 2937185, at *2 (D.N.J. July 29, 2008).  Indeed, because the notice provision is wholly inapplicable here, the issue before the Court is not at all "identical" to the issue decided by Monmouth Court.  Thus, Defendants' collateral estoppel argument fails, and the motion to dismiss will be denied on this ground as well.

## V.  CONCLUSION

For the foregoing reasons, the motion to dismiss is denied without prejudice.  The Court will issue an appropriate order.

      s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

**Dated:**  March 8, 2016